UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JULIO GONZALEZ, )<br>)<br>    Petitioner, )<br>)<br>    vs. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Respondent. ) | CAUSE NO. 3:05-CV-177 RM<br>(Arising from 3:99-CR-42(2) RM) |

<u>OPINION AND ORDER</u>

This matter comes before the court on Julio Gonzalez's 28 U.S.C. § 2255 petition to vacate, set aside, or correct his sentence. Mr. Gonzalez asserts that he received ineffective assistance of counsel because his attorney never filed a notice of appeal on his behalf. For the following reasons, the court denies Mr. Gonzalez's petition.

Mr. Gonzalez entered a guilty plea on October 5, 1999 to one count of attempted possession with intent to distribute cocaine, in violation of 21 U.S.C. § 846. The court sentenced Mr. Gonzalez on January 26, 2000 to a term of imprisonment for 188 months, to be followed by a four-year supervised release terms, and ordered a mandatory special assessment of $100. While Mr. Gonzalez's signed plea agreement included his waiver of his rights to appeal his sentence on any ground and to contest his sentence in any post-conviction proceeding, he now seeks collateral relief under 28 U.S.C. § 2255.

Once a motion under § 2255 is filed,

> The motion, together with all the files, transcripts and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceeding in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petition to vacate, set aside or correct a sentence under § 2255 is available to remedy errors of jurisdiction or constitutional magnitude, or when there has been a "complete miscarriage of justice." <u>Harris v. United States</u>, 366 F.3d 593, 594 (7th Cir. 2004). A defendant may waive the right to pursue collateral relief under § 2255, and such waiver is enforceable as long as it is "clear and unambiguous." <u>United States v. Jones</u>, 381 F.3d 615, 619 (7th Cir. 2004). A defendant must enter into the plea agreement knowingly and voluntarily to waive such rights. <u>United States v. Williams</u>, 184 F.3d 666, 668 (7th Cir. 1999).

Mr. Gonzalez's petition cannot be maintained in the face of the language of the signed plea agreement and the October 5, 1999 plea hearing. At the hearing, Mr. Gonzalez participated in the following exchange with regard to his waiver:

> THE COURT: As I understand you're aware that people who are sentenced under the Sentencing Guidelines ordinarily have the right to appeal their sentence, but that you're giving up that right as part of your agreement and, further, that you're giving up the right to file any separate petition to ask that the sentencing be set aside or that the conviction be set aside. And that's an important provision, Mr. Gonzalez. I want to talk to you about it for a moment.
> My understanding of that is, from this point forward, that would mean that if I do something that you would disagree with, that

2

you don't think was right, you wouldn't be able to complain about that to any court. Is that how you understand it?

>    MR. GONZALEZ: Yes, sir.

>    ...

>    THE COURT: And further, if Miss Bulger, as your attorney, were to do something in representing you that you didn't think was right, again you wouldn't be able to complain to any court about that. You understand that?

>    MR. GONZALEZ: Yes, sir.

Plea Tr. 6-7.

The language of the signed plea agreement, as well as Mr. Gonzalez's own statements at the change of plea hearing, shows that Mr. Gonzalez's waiver was neither unclear or ambiguous. Moreover, Mr. Gonzalez does not assert that he entered into the plea agreement unknowingly or involuntarily. Mr. Gonzalez's plea agreement constitutes a valid waiver of his rights to appeal and collaterally attack his sentence under § 2255. Therefore, Mr. Gonzalez's § 2255 petition is SUMMARILY DISMISSED [Doc. No. 1].

SO ORDERED.

ENTERED: June 17, 2005

/s/ Robert L. Miller, Jr.
Robert L. Miller, Jr., Chief Judge
United States District Court

cc:  J. Gonzalez
     D. Schmid